**Mamie L. GILCHRIST, Plaintiff,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

Civ. A. No. 74-A-1317-NE.

United States District Court, N. D. Alabama, Northeastern Division.

June 30, 1975.

Charles G. Spradling, Legal Aid Society of Madison County, Huntsville, Ala., for plaintiff.

Wayman G. Sherrer, U. S. Atty., Northern Dist. of Ala., Birmingham, Ala., for defendant.

MEMORANDUM OPINION

ALLGOOD, District Judge.

The plaintiff, Mamie L. Gilchrist, brings this action pursuant to the provisions of Section 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3), seeking review by this court of a final adverse decision of the Secretary of Health, Education and Welfare, denying her application for Supplemental Security Income (SSI) disability benefits as provided by Section 1602 of the Act, 42 U.S.C. § 1381a. It is noted that Section 1631(c)(3) of the Act provides in pertinent part:

"The final determination of the Secretary after a hearing . . . shall be subject to judicial review as provided in section 205(g) to the same extent as the Secretary's final determinations under section 205; *except* that the determination of the Secretary after such hearing as to any fact shall

be final and conclusive and not subject to review by any court."

Mrs. Gilchrist filed an application for SSI disability benefits on September 24, 1973, alleging that she became unable to work in 1968, at age 42. The application was denied administratively and an administrative law judge considered the case *de novo*. On August 8, 1974, he determined that the plaintiff was not disabled within the meaning of Title XVI of the Social Security Act. In arriving at this decision, the administrative law judge made the following Findings of Fact:

"1.  Mamie Gilchrist was born October 4, 1925, has a fourth grade education, and is only barely literate.

"2.  Claimant has worked as an elevator operator and a house maid.

"3.  Claimant has not established by substantial and persuasive evidence that she has an impairment or a combination of impairments which may be expected to last or which have lasted for as long as 12 months, and which have or can be expected to prevent all substantial gainful activity.

"4.  Claimant does not have income or resources in excess of the amounts permitted for one to be entitled to Supplemental Security Income payments.

"5.  Application for benefits was filed September 24, 1973."

This decision of the administrative law judge became the final decision of the Secretary of Health, Education and Welfare when it was approved by the Appeals Council on October 15, 1974.

 Pursuant to the mandate of Section 1631(c)(3) of the Act, this court must accept as conclusive and final the above stated findings of fact as established by the administrative law judge and approved by the Appeals Council. However, this court may review the Secretary's application of law to these facts.

 This court, having carefully reviewed the record in this case, is of the opinion that the Secretary has properly applied the law to the conclusive Findings of Fact, and that correct legal standards were employed. The court notes, however, that the administrative law judge refers to " . . . *all* substantial gainful activity" in Finding of Fact numbered 3 rather than to the statutory standard " . . . *any* substantial gainful activity." This semantical difference is deemed illusory when viewed in light of the actual standard employed. If the use of "all" instead of "any" is error at all, such error is harmless.

Accordingly, the decision of the Secretary must be affirmed. An appropriate order will be entered.